# STEPHEN D. HANS & ASSOCIATES, P.C.
LABOR & EMPLOYMENT COUNSEL FOR OVER 30 YEARS

45-18 Court Square, Suite 403
Long Island City, New York 11101

T: 718.275.6700 • F: 718.275.6704

**STEPHEN D. HANS**
Tel: 718.275.6700 x 204
shans@hansassociates.com

October 19, 2018

*VIA ECF*
Hon. Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>**Cruz v. Mercury Construction Concepts, Inc. et al**</u>
                <u>**Case No. 17-cv-00153-OTW**</u>

Dear Judge Wang:

      This firm is currently listed as attorney of record for defendants Andrew Russac, Mercury Construction Concepts, Inc., and Handy Andy Squad, Inc (hereinafter "Defendants"). As the Court knows from the letter that we filed on October 5, 2018, the parties have negotiated a resolution to plaintiff Erasmo Cruz's (hereinafter "Plaintiff") Letter Motion for Conference in contemplation of Plaintiff's motion to enforce the settlement agreement and enter judgment against Defendants (hereinafter, "Letter"). (Dkt. No. 60). Shortly after Plaintiff filed the Letter, Plaintiff and Defendants, through their respective counsel, negotiated a resolution to the matters discussed in Plaintiff's Letter, by agreeing to modify and alter certain terms of portions of the previously approved settlement agreement (hereinafter "Settlement Agreement"). However, because their original addendum to the Settlement Agreement inadvertently omitted the breakdown of how the total settlement sum would be divided between Plaintiff and his counsel, on October 10, 2018, Dkt. No. 68, the Court declined to approve it as drafted, with leave to submit a revised addendum containing that term. As such, Plaintiff and Defendants (hereinafter referred to collectively as "Parties") jointly submit their second request that the Court approve the Parties' Amendment to the Settlement Agreement, revised in accordance with Your Honor's Order, attached hereto as Exhibit A (hereinafter "Amendment"), and close the case once again.

      To recap, the Amendment fully and completely replaces paragraphs (2) and (3) of the Settlement Agreement and alters the Settlement Agreement in two ways. First, the paragraph numbered and titled "(2) <u>Settlement Amount</u>" of the Amendment alters the due dates, the method, and the amounts of certain payments, but not the overall settlement figure which remains $50,000.00. Second, the paragraph numbered and titled "(3) <u>Breach</u>" removes the Defendants' opportunity to cure a failure to deliver any of the scheduled payments set out in the

Amendment. In its order denying the Parties' original motion, the Court found "no fault" with these modified terms.

Finally, with respect to the allocation of the Settlement Amount between Plaintiff and Plaintiff's counsel, as the Amendment makes clear, the allocation remains the same as was written in the original Settlement Agreement: the overall settlement figure remains $50,000.00, with Plaintiff receiving Thirty-Two Thousand Five Hundred Thirty-Four Dollars and Sixty-Five Cents (**$32,534.65**) of the total Settlement Amount, and Plaintiff's counsel receiving Sixteen-Thousand Five-Hundred Dollars (**$16,500.00**) of the total Settlement Amount in attorney's fees, and Plaintiff's counsel receiving Nine-Hundred Sixty-Five Dollars and Thirty-Five Cents ($**965.35**) of the total Settlement Amount in expenses. Plaintiff's counsel shall be solely responsible for disbursement of the funds to the Plaintiff. Again, Judge Peck previously ruled that this breakdown between Plaintiff and counsel was fair in approving the Parties' original agreement.

For all the foregoing reasons, the Parties respectfully request that the Court approve the Amendment, attached as Exhibit A, and dismiss this action in its entirety, and close the case, and retain jurisdiction for purposes of enforcing the Settlement Agreement and Amendment. We thank the Court for its attention in this matter.

                                                Respectfully Submitted,

                                                _____/s/_____
                                                Stephen D. Hans (SH-0798)

Cc:    Alexander T. Coleman, Esq. (via ECF)